THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN BROWN, Defendant-Appellant.

First District (1st Division)   No. 63130

Opinion filed April 4, 1977.

James Geis and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Timothy Quinn, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant, Norman Brown, was found guilty of the offense of murder. The trial court entered judgment on this verdict and sentenced defendant to 40 to 90 years in the Illinois State Penitentiary.

From this judgment defendant now appeals and contends as follows: (1) that the trial court erred in refusing defendant's request for a continuance so that defendant could produce additional alibi witnesses to testify in his behalf; and (2) that the trial court erred in allowing the prosecution, over defendant's objection, to introduce evidence of a subsequent offense for which the defendant was never tried.

We affirm.

Called as a witness by the prosecution, Edward Horton testified that at

approximately 11 a.m. on January 28, 1973, he was in the basement of a building in the Altgeld Gardens housing development in Chicago. Horton was seated in a chair alongside Gerald McCleary who was asleep on a couch. The defendant, Norman Brown, walked into the basement with a gun in his hand and told Horton to leave. Looking back as he walked to the door, Horton saw the defendant move McCleary's head and then shoot him. After exiting the basement, Horton heard two more shots.

Also called as a witness by the prosecution, Theresa Roberts testified that shortly before 11 a.m. on January 28, 1973, she saw the defendant exiting a car parked at the rear of her house in the Altgeld Gardens housing development. The defendant entered her house, asked her brother where McCleary was, and then left. Miss Roberts also testified that several days after the shooting the defendant had a conversation with her. The defendant told Miss Roberts that he knew she had a grudge against him, and explained he had to kill McCleary because McCleary, on a prior occasion, had pulled a gun on the defendant.

The prosecution's next witness, Gerald Gesiakowski, took the stand only after an extended conference in chambers during which the defendant vehemently objected to the admission of Gesiakowski's testimony. At trial, the assistant State's Attorney asked Mr. Gesiakowski if on February 7, 1973, someone fired a weapon at him. Over defendant's objection, Mr. Gesiakowski testified that on that date the defendant fired a weapon at him; that the bullet did not strike Gesiakowski, but went through his clothing and lodged in the seat of his car; and that the police recovered the bullet. It was then stipulated that the bullets taken from the body of Gerald McCleary were fired from the same weapon as the bullet recovered from Gesiakowski's car.

After the trial court denied defendant's motion for a directed verdict, the defendant's mother and sister both testified that the day of the incident defendant was at home in bed and did not leave the house until one or two o'clock in the afternoon. Testifying in his own behalf, defendant also stated that on the day in question he did not leave the house until early in the afternoon. Defendant further maintained that the testimony of both Edward Horton and Theresa Roberts was untrue. The defendant then rested his case and the State called Theodore Roberts, Theresa Roberts' brother, as its sole rebuttal witness. Roberts stated that the defendant was at his house at 10:30 or 11 a.m. the day of the shooting. At this time, Roberts' sister was also in the house, downstairs.

Defendant initially contends that the trial court erred in refusing to grant a continuance so that defendant could produce additional alibi witnesses to testify in his behalf. We believe it necessary to highlight the facts surrounding the above ruling of the trial court. On April 15, 1975, the third day of trial, the State informed the defendant that it had "one very

brief witness" to present prior to resting its case. The trial court then informed the defendant to have enough witnesses to carry the trial through until 4:30 p.m. the following day. The following day the defendant stipulated to the testimony of the State's remaining witness and the State rested its case. The defendant then presented the testimony of his mother and sister and took the stand himself. The testimony of none of the above witnesses was lengthy. At the conclusion of his testimony, the defendant informed the court that he had several additional alibi witnesses to present but that they were at home, in school and at work. After the trial judge indicated that he would not grant a continuance, defense counsel stated that his additional witnesses would testify only that defendant left his house between 1 and 2 p.m. the day of the incident. Defendant further offered to stipulate to the testimony of the additional alibi witnesses. However, no stipulation was reached and the defendant rested his case.

■■■ The trial court's ruling on a motion for continuance during trial is a matter of discretion resting with the trial court, and that ruling will not be disturbed on review unless there has been a manifest abuse of discretion. (*People v. Kees* (1965), 32 Ill. 2d 299, 205 N.E.2d 729.) Whether or not there has been such an abuse of discretion depends upon the particular facts of each case. (*People v. Bond* (1968), 99 Ill. App. 2d 45, 241 N.E.2d 218.) In the instant case the trial court specifically advised defense counsel to have sufficient witnesses to carry the trial through until 4:30 p.m. Also, considering the witnesses scheduled to be called prior to the additional alibi witnesses and the brevity of their testimony, it should have been clear to defendant that there would be ample time for each of defendant's additional alibi witnesses to testify before 4:30 p.m. Moreover, and most importantly, defense counsel indicated that the alibi witnesses would testify only that defendant left the house between 1 and 2 p.m. the day of the shooting, an element already testified to by the defendant, his mother and sister. Under these facts, we find that the trial court did not abuse its discretion in denying defendant's motion for a continuance.

■■■ Defendant next contends that the trial court erred in allowing the prosecution, over defendant's objection to introduce evidence of another crime via Mr. Gesiakowski's testimony. Evidence of another offense, although ordinarily inadmissible, may be permitted if relevant to establish identity, knowledge, motive, common scheme or design, or proximity to time and place. (*People v. Cage* (1966), 34 Ill. 2d 530, 216 N.E.2d 805; *People v. Sanchez* (1973), 11 Ill. App. 3d 1079, 297 N.E.2d 230; McCormick, Evidence §190, at 448-451 (2d ed. 1972).) In the instant case, Gesiakowski's testimony together with the stipulation concerning the ballistics tests connects the gun used to kill McCleary with the

defendant and as such is relevant to establish identity. However, we believe that the prosecution could have connected the gun defendant fired at Gesiakowski to the gun used to kill McCleary without eliciting testimony of another offense. Indeed, there was no need for the prosecution to elicit testimony from Gesiakowski that defendant actually fired the gun at Gesiakowski and that the bullet went through Gesiakowski's clothing. We believe that it was improper for the State to introduce evidence of another offense in the above manner. However,we do not believe that such error constitutes reversible error in the instant case. When competent evidence shows beyond a reasonable doubt that the defendant is guilty, the erroneous admission into evidence of another offense does not require reversal when the jury could not have reasonably acquitted the defendant. *People v. Tranowski* (1960), 20 Ill. 2d 11, 169 N.E.2d 347; *People v. Allen* (1971), 1 Ill. App. 3d 197, 272 N.E.2d 296.

In the instant case, the State presented eyewitness testimony that the defendant shot the deceased. Another witness testified that several days after the shooting, the defendant told her he had to shoot the deceased because, on a prior occasion, the deceased had pulled a gun on the defendant. Other testimony indicates that the defendant was looking for the deceased shortly before the shooting. Considering the above evidence, we do not believe that the jury could reasonably have returned a verdict of acquittal and for that reason deem the error concerning the admission of Gesiakowski's testimony to be harmless error beyond a reasonable doubt.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.